# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 7927 | **DATE** | 7/6/11 |
| **CASE TITLE** | Carter vs. City of Chicago, et al. | | |

**DOCKET ENTRY TEXT**

Currently before the Court is Defendants' motion for the entry of a protective order [46]. For the reasons stated below, Defendants' motion [46] is granted. The parties are directed to submit to Judge Dow's proposed order box a draft protective order that is consistent with this opinion by July 25, 2011. This case remains set for status on August 2, 2011 at 9:00 a.m.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

As in many other cases of this kind, Defendants here seek the entry of a protective order designating as confidential certain information that may be subject to discovery in this case, including the employment, disciplinary, financial, medical, and other sensitive or non-public information regarding plaintiff, defendants, and non-party witnesses. Among the records that Defendants seek to include as confidential are the complaint register files ("CRs") related to the individual Defendant Officers, which contain disciplinary actions, histories, and files generated by the investigation of complaints of misconduct by the officers. Defendants are not refusing to disclose the CR files to Plaintiff; rather, Defendants request that the documents be labeled as confidential to prevent Plaintiff from utilizing the information contained in them outside of this lawsuit and to protect allegedly personal information contained in the files. Plaintiff objects to Defendants' proposed protective order only to the extent that it related to disciplinary records, including the CRs.

As Plaintiff points out in his response brief, there are different views in this district on whether to enter these protective orders. The nub of the differing views turns largely on the interpretation of and weight given to the FOIA amendment. Some judges have read the "relating to a public body's adjudication of employee grievances or disciplinary cases" more broadly than others in regard to what is shielded from public disclosure under the FOIA. While Illinois law does not control in regard to the "good cause" showing under FRCP 26, it does inform the court's assessment of the public policy at issue.

Given (I) the Court's interpretation of and weight given to the FOIA amendment as well as (ii) the Seventh Circuit's guidance on the distinction between discovery materials, which often are provided and reviewed in private, and materials used in litigation, as to which there is a strong presumption of public disclosure, this Court has ruled in other cases that to the extent that a broad swath of materials are provided in the discovery process and those materials include CRs, they remain private only for as long as they are not actually used in

| STATEMENT |
|---|

the litigation. Once they are determined to be relevant to the litigation, the presumption shifts and it would be the Defendants' burden to justify keeping such materials private.

Plaintiff does not address any reason why this case is any different than the other cases before this Court where the entry of a protective order along the lines proposed by Defendants here was found to be appropriate. See, *e.g.*, *Alva v. City of Chicago*, 08-cv-6261; *Holmes v City of Chicago*, 09-cv-2482; *Williams v City of Chicago*, 10-cv-2423. Thus, the Court finds that its prior rulings on this issue control in the present case. In sum, based on the plain language of the FOIA amendment, the CRs are exempted from public disclosure unless discipline was imposed. To be sure, where discipline is (or was) imposed, the CRs are not entitled to protection from disclosure and thus are not within the scope of a valid protective order. An appropriate protective order includes as confidential CRs (within the scope of the FOIA exception) during the discovery process. However, once a party determines that the CRs are relevant to an issue in dispute, they must give 14 days notice of their intent to make the CR public. That gives the opposing party adequate time to seek a protective order, submit documents for in camera review, or request other judicial review or intervention. Defendants' motion for the entry of a protective order [46] is granted. The parties are directed to submit to Judge Dow's proposed order box a draft protective order that is consistent with this opinion by July 25, 2011. This case remains set for status on August 2, 2011 at 9:00 a.m.